**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNSOTA**

| | | |
|---|---|---|
| In re: | ) | Case No.: 11-43113 |
| | ) | |
| Curtis C. Nelson, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Hon. Robert J. Kressel |
| | ) | |
| | ) | |
| Jordan Family, LLC, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Pro. No.: |
| v. | ) | |
| | ) | |
| Curtis C. Nelson, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DETERMINATION OF**
**NONDISCHARABILITY OF CERTAIN DEBTS**

Jordan Family, LLC ("Plaintiff Jordan") brings this Complaint against Curtis C. Nelson ("Defendant Nelson") in order to obtain a determination that certain debts owed by Defendant Nelson to Plaintiff Jordan are nondischargeable pursuant to section 523(a) of the Bankruptcy Code because Defendant Nelson used false pretenses, made false representations, and committed fraud against Plaintiff Jordan in order to obtain money from and take money belonging to Plaintiff Jordan. Defendant Nelson also used a statement in writing that was materially false, that described Defendant Nelson's financial condition, that Plaintiff Jordan reasonably relied upon, and that Defendant Nelson made or published with intent to deceive, in order to obtain money

1

from and take money belonging to Plaintiff Jordan. In support of this Complaint, Plaintiff Jordan, by the undersigned counsel, states:

## I.    The Parties

1. Plaintiff Jordan is a Minnesota limited liability company with its registered office being located at 400 East Lake Street, Minneapolis, MN 55408.

2. Defendant Nelson, on information and belief, is resident and citizen of Minnesota. He is the Debtor in the above-captioned Chapter 11 bankruptcy case, which he commenced on May 3, 2011.

## II.    Jurisdiction

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b) because it is a civil proceeding that arises under 11 U.S.C. § 523(a).

## III.    Venue

4. Venue lies in this district pursuant to 28 U.S.C. § 1409(a), in that this proceeding arises under 11 U.S.C. 523(a) and Nelson's bankruptcy case is pending in this district.

## IV.    Core Status

5. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) because it seeks a determination as to the dischargeability of certain debts.

## V.    Basis for Non-Dischargeability

6. On or about November 2009, Defendant Nelson approached the Chief Manager, Patricia Jordan, of Jordan Family, LLC, seeking a commercial loan for a business investment in Visible Customer Holdings, LLC.

7. Defendant Nelson and Plaintiff Jordan negotiated the terms of the commercial loan through Dax Dickson, a commercial loan broker.

8. Plaintiff Jordan would only agree to loan $300,000.00 to Visible Customer Holdings, LLC if Defendant Nelson executed a personal guaranty (the "Personal Guaranty"). A true and correct copy of the Personal Guaranty is attached hereto as <u>Exhibit A</u>.

9. Pursuant to Visible Customer Holdings, LLC's loan request, Defendant Nelson provided Plaintiff Jordan with a personal financial statement dated June 2009 (the "Financial Statement"), and represented by Defendant Nelson as a true and accurate representation of the current state of his financial condition, signed by Defendant Nelson, on November 6, 2009. A true and correct copy of the Financial Statement is attached hereto as <u>Exhibit B</u>.

10. In the Financial Statement, Defendant Nelson represented to Plaintiff Jordan the value of his assets, total liabilities and his net worth as of November 6, 2009 was as follows:

    a. Total liabilities were $7,414,865.15, and he listed no contingent liabilities;

    b. Total value of his assets was $36,785,257.06; and

    c. Total net worth was $29,370,391.91.

11. As further proof of his net worth, Defendant Nelson provided Plaintiff Jordan with a personal asset book detailing Defendant Nelson's assets (the "Asset Book").

12. The Asset Book included financial statements from Defendant Nelson's trust account, and Defendant Nelson verbally and repeatedly assured Plaintiff Jordan that he could always go to his trust account in order to repay the loan.

13. Moreover, as further security for the loan, Plaintiff Jordan required the loan to be fully secured by collateral.

14. Defendant Nelson agreed to pledge a coin collection of Morgan Silver Dollars as collateral (the "Collateral"). A true and correct copy of the pledge agreement is attached hereto as <u>Exhibit C</u>.

15. Defendant Nelson represented to Plaintiff Jordan that the value of the Collateral exceeded the amount of the loan, making the loan oversecured.

16. Defendant Nelson further represented to Plaintiff Jordan that the loan would be "zero real risk" based on Defendant Nelson's represented personal financial condition and his personal guarantee. A true and correct copy of an email from Defendant Nelson to Plaintiff Jordan dated November 8, 2009 is attached hereto as Exhibit D.

17. Based on Defendant Nelson's representations and agreement to pledge the coin collection as collateral, and Defendant Nelson's representations regarding his personal financial condition, Plaintiff Jordan executed a loan agreement with Visible Customer Holdings, LLC for the amount of $300,000.00 on or about November 13, 2009, with Defendant Nelson as a guarantor of the Loan (the "Loan Agreement"). A true and correct copy of the Secured Loan Agreement is attached hereto as Exhibit E. A true and correct copy of the Secured Promissory Note is attached hereto as Exhibit F.

18. The Loan Agreement provides for the terms of interest, repayment and events of default.

19. Defendant Nelson defaulted under the Personal Guaranty when Visible Customer Holdings, LLC failed to make interest payments in May and June 2010 as required under the Loan Agreement, and Defendant Nelson, as guarantor, failed to cure the default as required by the Personal Guaranty.

20. After the Loan was in default, Plaintiff Jordan discovered that the Collateral was worth considerably less than what was Defendant Nelson had represented to Plaintiff Jordan.

21. The Collateral was discovered by Plaintiff Jordan to be worth less than $41,000.00, despite Defendant Nelson's representations that the Collateral oversecured the Loan. A true and correct copy of a Coin Appraisal dated July 14, 2010 is attached hereto as Exhibit G.

22. On or about July 2010, Plaintiff Jordan commenced a breach of contract action against Defendant Nelson in Hennepin County District Court on the Personal Guaranty and to foreclose on the Collateral (the "State Court Action").

23. On or about April 19, 2011, Judgment on Stipulation was entered against Defendant Nelson in the amount of $337,555.00. A true and correct copy of the signed Order is attached hereto as <u>Exhibit H</u>.

24. Upon the filing of this Chapter 11 Bankruptcy case, Plaintiff Jordan discovered that Defendant Nelson listed personal liabilities that were not identified to Plaintiff Jordan in the Financial Statement at the loan closing on November 13, 2009.

25. Moreover, Defendant Nelson now schedules his liabilities as exceeding $41,250,000.00, a significant increase over the $7,414,865.15 in personal liabilities listed in the Financial Statement provided to Plaintiff Jordan.

26. Plaintiff Jordan also discovered a financial statement similar to the Financial Statement provided to Plaintiff Jordan that Defendant Nelson provided to Crown Bank (the "Crown Bank Financial Statement"). Attached to Crown Bank's Complaint as Exhibit 11.

27. The Crown Bank Financial Statement is also dated June 2009, and verified by Defendant Nelson as true and correct as of January 20, 2010, but in the Crown Bank Financial Statement Defendant Nelson listed his net worth as almost $16 million less than the Financial Statement Defendant Nelson provided to Plaintiff Jordan, also dated June 2009, a mere two months prior.

28. None of the debts or liabilities to Defendant Nelson's family was represented to Plaintiff Jordan when Defendant Nelson verified the Financial Statement at the time Plaintiff Jordan agreed to make the loan.

29. As evidenced by the other debts and liabilities identified in Defendant Nelson's Bankruptcy Petition and in Crown Bank's Financial Statement, Defendant Nelson substantially inflated his net worth to Plaintiff Jordan in order to improperly induce Plaintiff Jordan to loan his business venture $300,000.00.

30. If Plaintiff Jordan would have known the additional liability disclosed in Defendant Nelson's Bankruptcy Petition, Plaintiff Jordan would not have agreed to loan Visible Customer Holdings, LLC $300,000.00, in reliance on Defendant Nelson's Personal Guaranty.

31. As a result of Defendant Nelson's misrepresentations about his assets and liabilities, Plaintiff Jordan was damaged.

32. Defendant Nelson's debt in the amount of $337,555.00 should be determined to be nondischargeable under section 523(a) of the Bankruptcy Code because Defendant Nelson obtained that $337,555.00 through the use of false pretenses, false representations, or fraud.

33. Defendant Nelson's debt in the amount of $337,555.00 should be determined to be nondischargeable under section 523(a) of the Bankruptcy Code because Defendant Nelson obtained that $337,555.00 through the use of a writing that was materially false.

### VI.    Request for Non-Dischargeability of Debt

### COUNT 1
### (11 U.S.C. § 523(a)(2)(B): Use of a statement in writing that is materially false)

1. Plaintiff Jordan restates and realleges paragraphs 1-33 as if fully set forth herein.

2. As described in Part V (¶¶ 6-33), *supra*, Defendant Nelson owes a debt of $337,555.00 to Plaintiff Jordan for money that he obtained by making a statement in writing that is materially false, that describes Defendant Nelson's financial condition, that Plaintiff

Jordan reasonably relied upon, and Defendant Nelson made or published with intent to deceive.

3. If Plaintiff Jordan had known the true value of Defendant Nelson's assets, liabilities and net worth, Plaintiff Jordan would not have made the $300,000.00 loan to Visible Customer Holdings, LLC, with Defendant Nelson as the personal guarantor.

4. Based on the foregoing, $337,555.00 of Defendant Nelson's debt to Plaintiff Jordan is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).

## <u>COUNT 2</u>
### (11 U.S.C. § 523(a)(2)(A): false pretenses, false representation, or actual fraud)

5. Plaintiff Jordan restates and realleges paragraphs 1-33 as if fully set forth herein.

6. As described in Part V (¶¶ 6-33), *supra*, Defendant Nelson owes a debt of $337,555.00 to Plaintiff Jordan for money that he obtained by false pretenses, false representations, and actual fraud.

7. As set forth in the Exhibits attached to Plaintiff Jordan's Complaint, Defendant Nelson misrepresented to Plaintiff Jordan the amount of his liabilities and net worth in the Financial Statement.

8. Defendant Nelson fraudulently represented to Plaintiff Jordan that he could use his trust account in order to repay the Loan.

9. Defendant Nelson fraudulently represented to Plaintiff Jordan the value of the Collateral pledged to Plaintiff Jordan to secure the Loan.

10. Defendant Nelson fraudulently represented to Plaintiff Jordan that the coins he pledged to Plaintiff Jordan would oversecure the Loan.

11. If Plaintiff Jordan had known the true value of Defendant Nelson's assets, liabilities and net worth, Plaintiff Jordan would not have made the $300,000.00 loan to Visible Customer Holdings, LLC, with Defendant Nelson as the personal guarantor.

12. If Plaintiff Jordan had known the true value of Defendant Nelson's coins that he pledged as security, Plaintiff Jordan would not have made the $300,000.00 loan to Visible Customer Holdings, LLC, with Defendant Nelson as the personal guarantor.

13. Defendant Nelson's misrepresentations to Plaintiff Jordan were made deliberately and intentionally for the purpose of inducing Plaintiff Jordan to make the $300,000.00 loan to Defendant Nelson's business venture, with Defendant Nelson as the personal guarantor.

14. Defendant Nelson deliberately and intentionally misrepresented the value of the Collateral.

15. In reasonable reliance upon Defendant Nelson's representations about the value of his coin collection, Plaintiff Jordan made the $300,000.00 loan to Visible Customer Holdings, LLC, with Defendant Nelson as the personal guarantor.

16. In reasonable reliance upon Defendant Nelson's representations in his Financial Statement, Plaintiff Jordan made the $300,000.00 loan to Visible Customer Holdings, LLC, in reasonable reliance on Defendant Nelson's personal guarantee.

17. As a result of Plaintiff Jordan's reliance on Defendant Nelson's representations and fraudulent actions, Plaintiff Jordan suffered damage in the amount of not less than $337,555.00.

18. By reason of the foregoing, Defendant Nelson is liable to Plaintiff Jordan in an amount to be determined at trial, which debt constitutes a nondischargeable debt under 11 U.S.C. § 523(a)(2)(A).

WHEREFORE, Plaintiff Jordan prays that this Court determine:

1. That $337,555.00 of Defendant Nelson's debt to Plaintiff Jordan is nondischargeable;

2. A judgment against Defendant Nelson in an amount to be determined at trial, plus costs, interest and attorney's fees; and

3. For all such other relief as may be deemed appropriate or just.

**WILKERSON & HEGNA, P.L.L.P.**

Dated: <u>7/29/11</u>                     By: <u>  /s/  Kyle J. Hegna                </u>
                                                    Kyle J. Hegna (#20240X)
                                                    Christopher J. Johnston (#0387685)
                                                    Morgan W. Kavanaugh (#0391253)
                                                7300 Metro Boulevard, Suite 300
                                                Edina, MN  55439-2302
                                                Telephone:  (952) 897-1707
                                                Facsimile: (952) 897-3534
                                                **ATTORNEYS FOR PLAINTIFF**
                                                **JORDAN FAMILY, LLC**

## VERIFICATION

I, Patricia Jordan, the Chief Manager of Jordan Family, LLC, declare under penalty of perjury that I have read the foregoing Complaint to Determine Dischargeability of a Particular Debt under 11 U.S.C. § 523(a)(2)(the "Bankruptcy Complaint"), know the contents of the Bankruptcy Complaint, and that the foregoing Bankruptcy Complaint is true and correct according to the best of my knowledge, information, and belief.

Dated: 7/29/11

Patricia Jordan